IN THE CIRCUIT COURT OF THE
20TH JUDICIAL CIRCUIT IN AND FOR
LEE COUNTY, FLORIDA

JANA NOTARIAN,

    Plaintiff,

vs.                                                                Case No.

SUNSHINE RETIREMENT LIVING, LLC
a Foreign Limited Liability Company,
and
LEHIGH ACRES SENIOR LIVING, LLC
a Foreign Limited Liability Company,

    Defendants.
_____/

## COMPLAINT

Plaintiff, JANA NOTARIAN ("Plaintiff"), by and through the undersigned counsel, hereby sues Defendant, SUNSHINE RETIREMENT LIVING LLC and LEHIGH ACRES SENIOR LIVING, LLC, ("Defendants"), and in support avers as follows:

## GENERAL ALLEGATIONS

1. This is an action by the Plaintiff for damages exceeding $30,000 excluding attorneys' fees or costs for unlawful disability/perceived disability discrimination, failure to accommodate, and retaliation in violation of the Florida Civil Rights Act of 1992, Florida Statutes, Chapter 760, *et seq*. ("FCRA").

2. Plaintiff was at all times relevant to this action, and continues to be, a resident of Lee County Florida, within the jurisdiction of this Honorable Court.

3. Defendants, SUNSHINE RETIREMENT LIVING LLC and LEHIGH ACRES SENIOR LIVING LLC, are Foreign Limited Liability Companies having their main place of business in the state of Oregon and California respectively, but operating businesses in

Lee County, Florida where Plaintiff worked for Defendant, and at all times material hereto was and is engaged in interstate commerce.

4. The Defendants acted as joint employers with respect to the Plaintiff's employment status.

5. Venue is proper in Lee County because all of the actions that form the basis of this Complaint occurred within Lee County.

6. Defendant is an "employer" pursuant to Florida Civil Rights Act of 1992, Fla. *Stat. Section 760.01, et seq.,* (hereinafter referred to as "FCRA") since it employs fifteen or more employees for the applicable statutory period; and thus, it is subject to the employment discrimination provisions of the applicable statute, the FCRA.

7. Defendant is a "person" within the purview of the Florida Civil Rights Act of 1992, Fla *Stat. Section 760.01, et seq.*

8. Plaintiff timely filed her charge of employment discrimination with the Equal Employment Opportunity Commission, the agency which is responsible for investigating claims of employment discrimination.

9. Pursuant to Fla. Stat. § 760.11 (1), for all charges of discrimination filed after June 8, 2001, the filing of a discrimination charge with the Equal Employment Opportunity Commission or with a local fair employment practices agency, vest the Florida Commission on Human Relations with jurisdiction with respect to that charge.

10. Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

11. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

12. Plaintiff performed work for Defendants as a non-exempt employee from on or about June 7, 2018 until on or about May 21, 2020 as a concierge.

13. Plaintiff, while employed by the Defendant, was a victim of blatant, willful, and unlawful discrimination based upon her disability through multiple supervisors.

14. On or about May, 2020, when the Covid-19 Pandemic situation began, the Plaintiff's employer told its employees they were required to wear a mask.

15. Plaintiff produced a doctor's note indicating she could not wear a mask for medical reasons and was told to go home and wait for the pandemic to be over.

16. Defendant refused to accommodate Plaintiff's request for accommodations commensurate with her disability and doctor's letter evidencing said disability.

17. Plaintiff's position with the company was never terminated which precluded her from applying for unemployment benefits even though her purported employer was refusing to allow her to work or pay her.

18. Plaintiff subsequently reached out to the employer regarding her employment status and she was informed that she had quit despite never having done so.

19. Plaintiff reminded her supervisor that she was put off work by the company as a result of her disability and her medical accommodation that stated she was unable to wear a mask.

20. Plaintiff subsequently was able to file for unemployment, but due to Defendant's actions, applied later than she would have otherwise, placing a great financial strain upon Plaintiff.

21. Plaintiff has been diagnosed with COPD, Chronic Obstructive Pulmonary Disease, and informed Defendant's Human Resources department of her disability upon hire.

22. In addition, the Plaintiff was frequently harassed by Jill Marquis who would state on a daily basis: "You soon will have to wear a mask, and I am not going to care about your doctor's note if you don't wear it you will be out of here."

23. Throughout Plaintiff's employment, Plaintiff never received any complaints about work performance and was able to perform her duties at or above satisfactory levels. Any reason offered by the Defendant for the adverse employment action is mere pretext for unlawful discrimination due to the Plaintiff's disability.

24. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission and the Florida Commission on Human Relations on January 14, 2021 regarding the unlawful treatment she was subjected to.

## COUNT I
### DISCRIMINATION BASED ON DISABILITY IN VIOLATION OF THE FCRA against Sunshine Retirement Living LLC

25. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 23 of this complaint as if set out in full herein.

26. The applicable statute, the FCRA, prohibits an employer from making employment decisions or taking any personnel action, affecting the terms, conditions, and privileges of one's employment, based upon their disability status.

27. The Plaintiff possess the requisite qualifications and skills to perform the position for the Defendant employer.

28. Defendant discriminated against Plaintiff on the basis of her disability by subjecting Plaintiff to different terms and conditions of employment and terminating Plaintiff's employment for pretextual reasons.

29. Similarly situated employees out of Plaintiff's protected class, with substantially similar experience, credentials, job duties, and qualifications were treated to different and better terms and conditions of employment than Plaintiff.  Non-disabled employees were not terminated.  On the other hand, Plaintiff had her requests for accommodation denied and was terminated.

30. The actions of the Defendant constitute an intentional violation of the FCRA, and as a direct, natural, foreseeable, and proximate result of the actions and inactions of the Defendant, Plaintiff has suffered injuries and losses including a violation of her statutory rights, mental pain and suffering and extreme emotional stress; loss of ability to lead a normal life; lost wages and benefits and other economic losses, all of which injuries and losses are continuing and permanent in nature.

31. Plaintiff has retained the services of the undersigned attorneys to help represent her in this action and is obligated to pay them a reasonable fee for their services.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant, find that the Defendant indeed violated the FCRA, and in addition, order the following additional relief:

A. Award the Plaintiff actual damages, including appropriate amounts of back pay, front pay, and lost benefits; and

B. Award Plaintiff as to this count prejudgment interest; and

C. Award Plaintiff damages for the amount of costs of litigation and filing including attorney's fees; and

D. Grant such other and further equitable relief as this court deems equitable and just and/or available pursuant to state law.

E. Plaintiff reserves the right to assert a claim for punitive damages upon satisfying the applicable statutory pre-requisites.

F. Plaintiff demands a trial by jury.

## COUNT II
### RETALIATION IN VIOLATION OF THE FCRA against Sunshine Retirement Living LLC

32. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 23 of this complaint as if set out in full herein.

33. By the conduct describe above, Defendant retaliated against Plaintiffs for exercising rights protected under the FCRA.

34. Defendant's conduct complained of herein was willful and in disregard of Plaintiffs' protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of disability was unlawful but acted in reckless disregard of the law.

35. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

36. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against Plaintiff, deprived Plaintiff of statutory rights under Florida law.

37. The actions of Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to Plaintiffs' statutorily protected rights, thus entitling Plaintiffs to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

38. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

G. Plaintiff demands a trial by jury.

### COUNT III
### *FAILURE TO ACCOMMODATE IN VIOLATION OF THE FCRA against Sunshine Retirement Living LLC*

39. Plaintiff re-adopts each and every factual allegation as states in paragraphs1 through 23 of this complaint as if set out in full herein.

40. Plaintiff is a member of a protected class under the FCRA.

41. By the conduct described above, Defendant has failed to accommodate Plaintiff because of Plaintiff's disability/perceived disability.

42. The failure to accommodate was based upon Plaintiff's disability/perceived disability in that Plaintiff would not have been the object of such action but for the fact that Plaintiff was disabled or perceived to be disabled.

43. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that the failure to accommodate on the basis of Plaintiff's disability/perceived disability was unlawful but acted in reckless disregard of the law.

44. At all times material hereto, the employees failing to accommodate Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

45. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against Plaintiff, deprived Plaintiff of statutory rights under Florida law.

46. The actions of Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to Plaintiffs' statutorily protected rights, thus entitling Plaintiffs to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

47. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

G. Plaintiff demands a trial by jury.

## COUNT IV
### DISCRIMINATION BASED ON DISABILITY IN VIOLATION OF THE FCRA against Lehigh Acres Senior Living LLC

48. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 23 of this complaint as if set out in full herein.

49. The applicable statute, the FCRA, prohibits an employer from making employment decisions or taking any personnel action, affecting the terms, conditions, and privileges of one's employment, based upon their disability status.

50. The Plaintiff possess the requisite qualifications and skills to perform the position for the Defendant employer.

51. Defendant discriminated against Plaintiff on the basis of her disability by subjecting Plaintiff to different terms and conditions of employment and terminating Plaintiff's employment for pretextual reasons.

52. Similarly situated employees out of Plaintiff's protected class, with substantially similar experience, credentials, job duties, and qualifications were treated to different and better terms and conditions of employment than Plaintiff. Non-disabled employees were not terminated. On the other hand, Plaintiff had her requests for accommodation denied and was terminated.

53. The actions of the Defendant constitute an intentional violation of the FCRA, and as a direct, natural, foreseeable, and proximate result of the actions and inactions of the Defendant, Plaintiff has suffered injuries and losses including a violation of her statutory rights, mental pain and suffering and extreme emotional stress; loss of ability to lead a normal life; lost wages and benefits and other economic losses, all of which injuries and losses are continuing and permanent in nature.

54. Plaintiff has retained the services of the undersigned attorneys to help represent her in this action and is obligated to pay them a reasonable fee for their services.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant, find that the Defendant indeed violated the FCRA, and in addition, order the following additional relief:

A. Award the Plaintiff actual damages, including appropriate amounts of back pay, front pay, and lost benefits; and

   G. Award Plaintiff as to this count prejudgment interest; and

   H. Award Plaintiff damages for the amount of costs of litigation and filing including attorney's fees; and

   I. Grant such other and further equitable relief as this court deems equitable and just and/or available pursuant to state law.

   J. Plaintiff reserves the right to assert a claim for punitive damages upon satisfying the applicable statutory pre-requisites.

   K. Plaintiff demands a trial by jury

## COUNT V
***RETALIATION IN VIOLATION OF THE FCRA against Lehigh Acres Senior Living LLC***

55. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 23 of this complaint as if set out in full herein.

56. By the conduct describe above, Defendant retaliated against Plaintiffs for exercising rights protected under the FCRA.

57. Defendant's conduct complained of herein was willful and in disregard of Plaintiffs' protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of disability was unlawful but acted in reckless disregard of the law.

58. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

59. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against Plaintiff, deprived Plaintiff of statutory rights under Florida law.

60. The actions of Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to Plaintiffs' statutorily protected rights, thus entitling Plaintiffs to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

61. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant:

H. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

I. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

J. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

K. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

L. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

M. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

N. Plaintiff demands a trial by jury

## COUNT VI
### FAILURE TO ACCOMMODATE IN VIOLATION OF THE FCRA against Lehigh Acres Senior Living LLC

62. Plaintiff re-adopts each and every factual allegation as states in paragraphs1 through 23 of this complaint as if set out in full herein.

63. Plaintiff is a member of a protected class under the FCRA.

64. By the conduct described above, Defendant has failed to accommodate Plaintiff because of Plaintiff's disability/perceived disability.

65. The failure to accommodate was based upon Plaintiff's disability/perceived disability in that Plaintiff would not have been the object of such action but for the fact that Plaintiff was disabled or perceived to be disabled.

66. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights.  Defendant and its supervisory personnel were aware that the failure to accommodate on the basis of Plaintiff's disability/perceived disability was unlawful but acted in reckless disregard of the law.

67. At all times material hereto, the employees failing to accommodate Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

68. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against Plaintiff, deprived Plaintiff of statutory rights under Florida law.

69. The actions of Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to Plaintiffs' statutorily protected rights, thus entitling Plaintiffs to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

70. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D.  Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

F.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

G.  Plaintiff demands a trial by jury

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: February 4, 2022                            Respectfully submitted,

/s/Rainier Regueiro_____
Rainier Regueiro, Esq.
Florida Bar Number: 115578
**REMER & GEORGES-PIERRE, PLLC**
44 WEST FLAGER STREET, SUITE 2200
Miami, Florida 33130
Telephone: (561) 225-1970
Facsimile: (305) 416-5005